IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Miy'at Kali El-Bey, | ) | C/A No.: 0:13-438-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Clover Police Department; Cpl M.L. Wilson; A+ Garage & Towing; David Woods; J. Corsey Bentley; Herman Melvin Howell, Judge, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Miy'at Kali El-Bey ("Plaintiff"), a self-represented litigant proceeding *in forma pauperis*, brings this action alleging jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1332. (ECF No. 1 at 1.) Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process as to defendant Herman Melvin Howell, Judge. In a separately docketed order, the court has authorized the issuance and service of process on the remaining defendants.

I.      Factual and Procedural Background

Plaintiff alleges that defendant Cpl. M.L. Wilson, an employee of the Clover Police Department, "pulled into a gas station" behind Plaintiff and ordered Plaintiff, her husband and children to exit their vehicle on January 8, 2010. (ECF No. 1 at 1, 3.)

PJG

Plaintiff states the car is owned by the Moorish Science Temple of America. *Id.* Defendant Wilson allegedly searched the car without a warrant, and directed defendant David Woods, an employee of A+ Garage and Towing, to tow Plaintiff's vehicle. *Id.*; *see also Id.* at 2. Defendant J. Corsey Bentley, the owner of A+ Garage and Towing, allegedly supported the "unlawful actions of his employee." *Id.* at 2. Defendant Wilson then issued Plaintiff a traffic ticket and drove Plaintiff and her husband home. *Id.* at 3. Defendant Wilson allegedly ordered Plaintiff's children to get into a police car, where two unidentified police officers drove the children to school. *Id.* at 3.

On February 15, 2010, Plaintiff appeared in court "to defend charges connected with the ticket." *Id.* Plaintiff informed defendant Judge Herman Melvin Howell that her religion does not permit her to "plea or swear." *Id.* Defendant Howell found Plaintiff in contempt of court during the hearing and ordered that Plaintiff be put in jail for five days. *Id.* Plaintiff indicates that she was pregnant at that time. *Id.* Plaintiff claims that, while detained, she had to "eat food and take pre-natal drugs that did not conform to [her] dietary needs and the mandates of [her] religious beliefs." *Id.* at 4. Defendant Howell allowed Plaintiff to leave jail the next day after she signed papers under "threat, duress, and coercion." *Id.* at 3. The Complaint further claims that the Clover Police "constantly stalked Plaintiff's Temple." *Id.* at 4. Plaintiff alleges that the defendants' actions constitute: (1) denial of due process; (2) unreasonable search; (3) false arrest; (4) wrongful imprisonment; (5) conspiracy; (6) unlawful seizure of Plaintiff's car; (7) unlawful seizure of Plaintiff's children; (8) fraud; (9) threat/duress/coercion; and (10)

religious discrimination. *Id.* at 3–4, 5. Plaintiff, who is a resident of North Carolina, seeks monetary damages in excess of the amount required to invoke diversity jurisdiction. *Id.* at 1, 5.

II.   Discussion

A. Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds,* 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the

court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff provides sufficient factual allegations against the Clover Police Department, Cpl. M.L. Wilson, A+ Garage & Towing, David Woods, and J. Corsey Bentley to withstand summary dismissal of her claims. However, defendant Herman Melvin Howell's judicial actions are protected from suit under § 1983 by the doctrine of absolute immunity. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Absolute judicial immunity extends to judges and courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 432, 441–43 (3d Cir. 2000); *see also Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates). Such immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Further, judicial immunity protects a judge from suit, not just from ultimate assessment of damages. *Mireless*, 502 U.S. at 11. Because Defendant Howell is

protected from suit by absolute immunity for judicial actions taken in Plaintiff's state court proceedings, this defendant should be summarily dismissed from the instant action.

III. Conclusion

Thus, the court recommends that the Plaintiff's claims against Defendant Howell be summarily dismissed *without prejudice* and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 31, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).