IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Miy'at Kali El-Bey, | ) | C/A No. 0:13-438-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Clover Police Department; Cpl. M. L. Wilson; A+ Garage & Towing; David Woods; and J. Corsey Bentley, | ) | |
| Defendants. | ) | |

The plaintiff, Miy'at Kali El-Bey ("El-Bey"), a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on a motion to dismiss filed by Defendants Woods, Bentley, and A+ Garage & Towing,[1] and a motion for summary judgment filed by Defendants Wilson and Clover Police Department.[2] (ECF Nos. 38 & 43.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised El-Bey of the summary judgment and dismissal procedures and the possible consequences if he failed to

---

[1] Defendant A+ Garage & Towing is properly identified as C.S. Salvage, Inc. d/b/a A+ Garage & Towing. (See Defs.' Mem. Opp'n Motion to Dismiss, ECF No. 38-1 at 1.)

[2] The court previously summarily dismissed Defendant Herman Melvin Howell, Judge, based on the doctrine of absolute immunity for his judicial actions. El-Bey appealed this decision, which is currently pending before the United States Court of Appeals for the Fourth Circuit. Generally, the filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*). However, the court finds that its final resolution of the remaining defendants' pending, dispositive motions involves aspects of the case unrelated to the appeal. Accordingly, they are properly considered by this court.



respond adequately to the defendants' motions. (ECF Nos. 39 & 44.) El-Bey filed a response in opposition (ECF No. 49), and the defendants filed replies (ECF Nos. 54 & 56.) Also pending is El-Bey's motion for judicial notice (ECF No. 53), to which the defendants responded in opposition (ECF Nos. 57 & 58). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions should be granted.

## BACKGROUND

El-Bey's Complaint purports to assert causes of action under 42 U.S.C. § 1983 for denial of due process, false arrest, wrongful imprisonment, and religious discrimination, as well as state law claims asserting conspiracy, conversion, and kidnapping. El-Bey alleges that on January 8, 2010, Defendant Wilson "pulled into a gas station" behind her and ordered El-Bey, her husband, and her children to exit the vehicle. (Compl., ECF No. 1 at 3.) El-Bey alleges that the vehicle is owned by the Moorish Science Temple of America and that she is an "Administrator over the vehicle." (Id.) El-Bey states that Defendant Wilson, an officer of Defendant Clover Police Department, searched the vehicle without a warrant, directed Defendant A+ Garage and Towing[3] to tow the vehicle, issued El-Bey a traffic ticket, and then drove El-Bey and her husband home. El-Bey alleges that her children were driven to school by police officers. El-Bey also appears to allege that these actions were taken because of her religious affiliation.[4]

---

[3] El-Bey alleges that Defendant Bentley is the owner of the towing company and Defendant Woods is a driver for the towing company.

[4] The remaining allegations in El-Bey's Complaint stem from her February 15, 2010 court appearance relating to this ticket and appear to support claims raised against only Defendant Howell. As stated above, Defendant Howell has been dismissed from this matter.



The following additional facts, which El-Bey has not disputed, provide additional background on this incident. Defendant Officer Cpl. M.L. Wilson initiated a traffic stop on January 8, 2010 after observing a 2009 Acura TSX containing a dark-tinted license plate cover that obstructed the vehicle's tag and that the vehicle contained a Mu'ur Republic tag. Defendant Wilson reported that he "knew from a previous incident over the past week that the tag was not a valid tag and that neither subject that owned the car has a valid drivers license." (Traffic Ticket, ECF No. 43-3 at 10; see also Wilson Aff., ECF No. 43-4.) El-Bey denied having a valid driver's license and reported that she possessed a right to drive card. When Defendant Wilson informed El-Bey that the vehicle could not be driven, El-Bey indicated that she was transporting her children to school. Other officers arrived on the scene and one of the officers transported El-Bey's children to school. El-Bey was issued a citation for "No Driver's License 1st" and advised that the vehicle would be towed. (ECF No. 43-3 at 4, 11.) Thereafter, the vehicle was towed and stored by A+ Garage and Defendant Wilson transported El-Bey to her residence.

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual



content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry

of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz, 405 U.S. 319, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Statute of Limitations**

1.  **Section 1983 Claims**

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years.[5]  See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5).  A federal cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*); see also Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990) (holding that federal law determines when a claim accrues).

El-Bey filed this action on February 15, 2013, which is outside the three-year statute of limitations.  The court observes that El-Bey appears to argue that her Complaint was filed on or about January 4, 2013 based on her assertion that she originally filed her Complaint in this action in the United States District Court for the Western District of North Carolina and that her Complaint was transferred to this district.  (See ECF No. 53; see also ECF No. 1.)  However, El-Bey's filings as well as the docket in this matter belie this assertion.  (See ECF No. 1); see also El-Bey v. Clover Police Dep't, C/A No. 3:13-6-FDW-DSC (W.D.N.C.); cf. 28 U.S.C.A. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  El-Bey voluntarily dismissed her Complaint in the Western District of North Carolina and then refiled it in this district.  As such, absent an applicable savings clause in the

---

[5] To the extent that Defendants Wilson and Clover Police Department argue that El-Bey's claims against these defendants in their official capacities are subject to a two-year statute of limitations, the court disagrees.  See Williams v. City of Sumter Police Dep't, C/A No. 3:09-2486-CMC, 2011 WL 723148 (D.S.C. Feb. 23, 2011) (discussing the applicable statue of limitations for § 1983 claims arising in South Carolina).



statute, El-Bey's statute of limitations period is not tolled during the pendency of her suit in the Western District of North Carolina that she later voluntarily dismissed without prejudice. See Dove v. CODESCO, 569 F.2d 807, 809 n.3 (4th Cir. 1978) ("The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. A corollary to that rule is that, absent a savings clause in the statute, the applicable limitations period is not tolled during the pendency of a suit later dismissed without prejudice."); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 (3d ed. 2008) ("[I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)."); Dean v. Pilgrim's Pride Co., 395 F.3d 471 (4th Cir. 2005) (holding that the statute of limitations period was not tolled by bringing an action that was later dismissed voluntarily under Federal Rule of Civil Procedure 41(a) and that the limitations period was not extended by West Virginia's savings statute). Accordingly, El-Bey has failed to present any circumstance warranting tolling.

### 2.     State Law Claims

Similarly, the applicable statutes of limitations for state law claims of conspiracy and conversion are three years. S.C. Code Ann. § 15-3-530(4), (5). Moreover, for claims pursuant to the South Carolina Tort Claims Act ("SCTCA") the limitations period is generally two years. See S.C. Code Ann. § 15-78-110. While a plaintiff may extend the limitations period under the SCTCA to three years by filing a verified claim pursuant to S.C. Code Ann. § 15-78-80, there is no indication that El-Bey has filed such a claim. Accordingly, these claims were also filed outside the applicable statutes of limitations.

**RECOMMENDATION**

Based on the foregoing, the court finds that El-Bey's Complaint was not timely filed and recommends that the defendants' motions (ECF Nos. 38 & 43) be granted and El-Bey's motion for judicial notice[6] (ECF No. 53) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 17, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] In addition to asking the court to take judicial notice of case law that she appears to argue supports her claims, El-Bey appears to ask the court to take judicial notice that her Complaint was transferred from the Western District of North Carolina, which, as stated above, did not occur.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).